IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREW FEDOROWICZ and FEROSA BLUFF,<br><br>                Plaintiffs,<br><br>v.<br><br>JOHN PEARCE,<br><br>                Defendant. | **MEMORANDUM ORDER AND DECISION**<br><br><br>Case No. 2:14-cv-00578<br><br>District Judge Dee Benson |

Before the court is Defendant's motion to dismiss. (Dkt. No. 17.) The court has considered the memoranda and other materials submitted by the parties as well as the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND FACTS

Over 15 years ago, both Plaintiffs were convicted in separate murder cases. (Dkt. No. 17 at vii.) Both were convicted by a jury. (Id.) Plaintiffs believe that the convictions were obtained illegally. (Dkt. No. 2 at 3.) In July 2010, Suzannah Fedorowicz ("Mrs. Fedorowicz") contacted Utah Governor Gary Herbert's office on behalf of both Plaintiffs and requested to meet with him concerning the allegedly illegal convictions. (Id. at 3-4.) Defendant, who was Governor Herbert's counsel at the time, responded to the request by asking Mrs. Fedorowicz to "send me all the documents that I may respond to your concerns." (Id.) On August 25, 2010, Defendant met with Mrs. Fedorowicz and went over the documents. (Id. at 4.) Plaintiffs believe that the documents provide "unimpeachable state originated evidence of 258 felonies committed by the

State of Utah," and that the alleged felonies directly led to Plaintiffs' convictions. (Id.) Plaintiffs allege that Defendant recognized the seriousness of Mrs. Fedorowicz' documents and that he "call[ed] the evidence 'brazen crimes.'" (Id.) Defendant also allegedly "orally announced it was the duty of the Office of the Governor (and [Defendant's] duty as Counsel for the Governor) to investigate the evidence, and respond to the findings. . . ." (Id. at 5.) Plaintiffs state that "[Defendant's] clear determination to investigate 'brazen crimes . . . ' committed by those acting under color of State was 'deeply etched' in the mind of Mrs. Fedorowicz." (Id. at 4-5) On September 8, 2010, Defendant followed up on the meeting and told Mrs. Fedorowicz that she had "done a thorough job." (Id. at 5.) That was the final official correspondence between Defendant and Mrs. Fedorowicz. (Id.) Plaintiffs claim that Defendant did not investigate or redress the crimes allegedly committed by the State. (Id.)

Plaintiffs assert that Defendant's purported failure to investigate and redress the alleged crimes constitutes a violation of his duties as the Governor's counsel. (Id. at 22.) Plaintiffs also assert that Defendant's inaction demonstrates that he condones crime. (Id. at 18.)

Consequently, Plaintiffs filed a Complaint on August 6, 2014. (Id.) In their Complaint, they ask the court to redress the alleged civil rights violations against them and to remove Defendant from his position as a Judge on the Utah Court of Appeals. (Id. at 65-68.) Defendant responded by filing a Motion to Dismiss, contending that Plaintiffs' claims against him are barred by sovereign immunity, by the applicable statute of limitations, and by United States Supreme Court precedent. (Dkt. No. 17.) Defendant argues that Plaintiffs lack standing to bring several of their claims. (Id.) Finally, Defendant claims that he is entitled to reasonable attorney's fees. (Id.)

**DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Free Speech v. Fed. Election Comm'n , 720 F.3d 788, 792 (10th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Cressman v. Thompson, 701 F.3d 1139, 1153 (10th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Claims against Defendant in His Official Capacity:**

Defendant argues that the doctrine of Sovereign Immunity bars Plaintiffs' claims against him in his official capacity.  The court agrees.

The Eleventh Amendment to the U.S. Constitution, grants states immunity from suit in federal courts:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This language bars any damages suit against a state in federal court, unless the state has expressly waived immunity. Edelman v. Jordan, 415 U.S. 651, 663 (1974). The immunity applies to all suits brought in federal court, including Section 1983 suits, Quern v. Jordan, 440 U.S. 332, 345 (1979), and actions for injunctive relief. Alabama v. Pugh, 438 U.S. 781, 782 (1978). The State of Utah has not waived immunity for Section 1983 suits in federal court, and accordingly any such case against it should be dismissed. See Wallace v. Grey, 2009 WL 249461 at *3 (D.

Utah, Feb. 2, 2009) (holding that "the Court therefore has no jurisdiction to hear Plaintiff's claims against Defendant in his official capacity.").

All claims against individual defendants in their official capacities are also barred by the Eleventh Amendment. In Kentucky v. Graham, 473 U.S. 159 (1985), the Supreme Court emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. at 165–166 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978)). Suits against state officials in their official capacities are therefore treated as suits against the state, and are barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991).

Therefore, all official capacity claims against Defendant in this case are barred.

**Criminal Claims:**

Plaintiffs assert claims against Defendant under several federal criminal statutes: Misprision of Felony under 18 U.S.C. § 4; Deprivation of Rights Under Color of Law under 18 U.S.C. § 242; Conspiracy under 18 U.S.C. § 371; and Kidnapping under 18 U.S.C. § 1201.  It is a basic legal principle that civilians lack standing to prosecute claims under the federal criminal code.  Indeed, Plaintiffs have already been specifically informed of this principle by this court: "Courts universally endorse the principle that private citizens cannot prosecute criminal actions. . . . Therefore, to the extent she is attempting to do so, Ms. Bluff lacks standing to maintain a criminal action, and she cannot state a claim under 18 U.S.C. § 241." Bluff v. Brass, 2009 WL 3764079 at *3 (D. Utah, Nov. 10, 2009).  Consequently, all claims brought under federal criminal statutes are dismissed.

**Remaining Claims**:

To the extent that Plaintiffs assert individual-capacity civil claims against Defendant, they are not barred by sovereign immunity or lack of standing.  However, Defendant argues that Plaintiffs' remaining claims are not facially plausible and should be dismissed.   The court agrees.

The remaining claims in Plaintiffs' Complaint are all based on Defendant's alleged failure to investigate the "evidence" introduced to him by Mrs. Fedorowicz.  (See Dkt. No. 2.) For purposes of this motion, the court accepts as true Plaintiffs' contention that Defendant failed to investigate Mrs. Fedorowicz's evidence even though he orally announced he had a duty to do so.  This duty, Plaintiffs claim, arises from the Defendant's commitment to the Governor's oath of office, in which the Governor pledges to obey and defend the Constitution of the United States and the Constitution of Utah.

However, the Tenth Circuit has established that there is "no duty under federal law to investigate the [Plaintiffs'] allegations." Garner v. Stephan, 968 F.2d 19, 1992 WL 138601 at *1 (10th Cir., 1992); see Lee v. United States Department of Justice, 2010 WL 606655 (D.C. Cir., 2010) ("appellant has not demonstrated that the appellees owed him a duty to investigate his allegations or to forward them to the Attorney General.").  In Garner, the appellant Garner was convicted of murder. 1992 WL 138601 at *1.  Garner asserted that "by failing to investigate his allegations of wrongdoing by, among others, the murder victim's brother and the sheriff, the attorney general has violated the appellant's rights and left him unjustly imprisoned."  Id.  The Tenth Circuit dismissed the case, saying that "[c]onclusory allegations that the attorney general's failure to investigate violated the appellant's civil rights do not suffice" in showing that the appellant was deprived of a federal right.  Id.  Here, the governor's legal counsel is a step

removed from the attorney general's office and Plaintiffs point to no statute or cases that indicate that Defendant had any duty to investigate under either the Constitution of the United States or the Constitution of Utah.  Thus, Plaintiffs have failed to demonstrate that Defendant had a legal duty to investigate Mrs. Fedorowicz's evidence.

Plaintiffs also seem to argue that Defendant's alleged inaction violated Utah's Rules of Professional Conduct. (Dkt. No. 25 at 16-18.)  Specifically, Plaintiffs seem to believe that Defendant violated rules 3.3, 3.4, 4.1, 8.2, and 8.4. (Id.)   However, Defendant did not participate in the Plaintiffs' prosecution; nor do Plaintiffs claim that he hindered the tribunal during the prosecution.  Consequently, Plaintiffs' argument necessarily fails.

**Legal Fees**:

Having dismissed all of Plaintiffs' claims, the court must determine whether to grant attorney's fees as requested by the Defendant.  Plaintiffs have previously made numerous unsuccessful attempts to overturn their allegedly illegal convictions. See Bluff v. Utah, 287 Fed. Appx. 46 at *2 (10th Cir., Aug. 14, 2008) cert. denied Bluff v. Utah, 556 U.S. 1170 (April 6, 2009)); Bluff v. Utah, 2008 WL 565092 at *1 (D. Utah, Feb. 29, 2008); Bluff v. Utah, 2004 UT App 383, 2004 WL 2404333 at *2 (Utah App., Oct. 28, 2004) cert. denied Bluff v. Utah, 546 U.S. 880 (Oct. 3, 2005)); see also Fedorowicz v. Utah, 2005 UT App 405, 2005 WL 2319277 at *3 (Utah App., Sept. 22, 2005) (petition for writ of certiorari to U.S. Supreme Court denied at Fedorowicz v. Utah, 549 U.S. 875 (Oct. 2, 2006)).

Additionally, Plaintiffs have been admonished by the court that continued claims of the sort brought in their Complaint will result in their being ordered to pay attorney's fees. See Bluff v. Brass, 2009 WL 3764079 at *6 (D. Utah, Nov. 10, 2009). "Bluff is warned that should she

6

continue making filings substantially similar to the instant action, that she will likely be required to pay attorney's fees incurred in responding to her filings." Id. An award is also proper where "the plaintiff continues to litigate after it is clear that the claim is frivolous, unreasonable, or groundless." Id.; Wood-Federowicz v. Yengich, 2009 WL 4543688 at *4 (D. Utah, Nov. 30, 2009).  Here, Plaintiffs, through counsel, have made claims substantially similar to those made and rejected by the court in 2009.  Therefore, attorney's fees are warranted and are ordered in Defendant's favor.

## CONCLUSION

For the reasons articulated above, all of Plaintiffs' claims are either barred or facially implausible.  Accordingly, Defendant's motion to dismiss is GRANTED and attorney's fees are GRANTED to Defendant.

DATED this 23rd day of March, 2015.

BY THE COURT:

Judge Dee Benson
United States District Judge